**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| MAYO CLINIC,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY LEE KITTLE,<br><br>Defendant. | CASE NO.: 0:21-CV-00693-JRT-DTS<br>Chief Judge John R. Tunheim<br>Magistrate Judge David T. Schultz<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendant, Jeffrey Lee Kittle, responds to the Complaint filed by Plaintiff, Mayo Clinic, by responding to the individually numbered paragraphs of the complaint, asserting affirmative defenses, and demanding a trial by jury.

## ANSWER

Kittle responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1. Kittle admits the allegation contained in paragraph 1.
2. Kittle admits the allegation contained in paragraph 2.
3. Kittle admits the allegation contained in paragraph 3.
4. Kittle admits the HKP Corp. Group Benefit Plan provided health care benefits to Kittle at the time he received hospital goods and services at Plaintiff's facility, the Plan

was self-funded, and the Plan was governed by ERISA. Except as specifically admitted herein, Kittle denies the remaining allegations in paragraph 4.

5. Kittle admits the allegation contained in paragraph 5.

6. Kittle admits the allegation contained in paragraph 6.

**Jurisdiction**

7. Kittle admits the legal conclusion contained in paragraph 7.

**Facts**

8. Kittle admits he was a covered individual under the Plan. Except as specifically admitted herein, Kittle denies the remaining allegations contained in the second paragraph numbered 1.

9. Kittle admits he was a participant covered under the Plan at the time he received goods and services at Plaintiff's facility. Except as specifically admitted herein, Kittle denies the remaining allegations contained in the second paragraph numbered 2.

10. Kittle denies the allegations contained in the second paragraph numbered 3.

11. Kittle admits ELAP was a co-fiduciary under the Plan solely for purposes of determining the Allowable Claim Limits for certain claims. Except as specifically admitted herein, Kittle denies the remaining allegations contained in the second paragraph numbered 4.

12. Kittle admits GPA was the claims administrator for the Plan and that claims were submitted to GPA by health care providers. Except as specifically admitted herein, Kittle denies the remaining allegations contained in the second paragraph numbered 5.

13. Kittle admits GPA issued payments and explanations of benefits to providers. Except as specifically admitted herein, Kittle denies the remaining allegations contained in the second paragraph numbered 6.

14. Kittle denies the allegations contained in the second paragraph numbered 7.

15. Kittle admits that if a Plan participant is balance billed for an amount in excess of the Plan's Allowable Claim Limits, ELAP provides a defense by paying for legal counsel to represent the Plan participant. Except as specifically admitted herein, Kittle denies the remaining allegations contained in paragraph 8.

16. Kittle admits the allegation contained in paragraph 9.

17. Kittle denies the allegations contained in paragraph 10.

18. Kittle denies the allegations contained in paragraph 11.

19. Kittle denies the allegations contained in paragraph 12.

20. Kittle admits he received in-patient medical and surgical services at Plaintiff's facility to treat a serious medical condition that required hospitalization and other health care and goods and services from June 28, 2018, through June 29, 2018. Except as specifically admitted herein, Kittle denies all remaining allegations contained in paragraph 13.

21. Kittle lacks information or knowledge sufficient to form an opinion as to the veracity of the allegation contained in paragraph 14; therefore, on that basis, Kittle denies the allegations contained in paragraph 14.

22. Kittle admits he received out-patient therapy and treatment at Plaintiff's facility to treat a serious medical condition that required hospitalization and other health care and

goods and services from January 8, 2019, through March 21, 2019. Except as specifically admitted herein, Kittle denies all remaining allegations contained in paragraph 15.

23. Kittle lacks information or knowledge sufficient to form an opinion as to the veracity of the allegation contained in paragraph 16; therefore, on that basis, Kittle denies the allegations contained in paragraph 16.

24. Kittle lacks information or knowledge sufficient to form an opinion as to the veracity of the allegation contained in paragraph 17; therefore, on that basis, Kittle denies the allegations contained in paragraph 17.

25. Kittle lacks information or knowledge sufficient to form an opinion as to the veracity of the allegation contained in paragraph 18; therefore, on that basis, Kittle denies the allegations contained in paragraph 18.

26. Kittle lacks information or knowledge sufficient to form an opinion as to the veracity of the allegation that he signed an "Authorization" described in paragraph 19 and the allegations concerning the contents of any such "Authorization; therefore, on that basis, Kittle denies those allegations. Kittle denies all remaining allegations contained in paragraph 19.

27. Kittle lacks information or knowledge sufficient to form an opinion as to the veracity of the allegation that he signed an "Authorization" described in paragraph 20; therefore, on that basis, Kittle denies that allegation. Kittle denies all remaining allegations contained in paragraph 20.

28. Kittle denies the allegations contained in paragraph 21.

29. Kittle denies the allegations contained in paragraph 22.

30. Kittle denies the allegations contained in paragraph 23.

31. Kittle lacks information or knowledge sufficient to form an opinion as to the veracity of the allegation contained in paragraph 24; therefore, on that basis, Kittle denies the allegations contained in paragraph 24.

32. Kittle lacks information or knowledge sufficient to form an opinion as to the veracity of the allegation contained in paragraph 25; therefore, on that basis, Kittle denies the allegations contained in paragraph 25.

33. Kittle admits he did not request and Plaintiff did not provide any estimate.

34. Kittle lacks information or knowledge sufficient to form an opinion as to the veracity of the allegation contained in paragraph 27; therefore, on that basis, Kittle denies the allegations contained in paragraph 27.

35. Kittle denies the allegations contained in paragraph 28.

36. Kittle denies the allegations contained in paragraph 29.

37. Kittle lacks information or knowledge sufficient to form an opinion as to the veracity of the allegation contained in paragraph 30; therefore, on that basis, Kittle denies the allegations contained in paragraph 30.

38. Kittle lacks information or knowledge sufficient to form an opinion as to the veracity of the allegation contained in paragraph 31; therefore, on that basis, Kittle denies the allegations contained in paragraph 31.

39. Kittle lacks information or knowledge sufficient to form an opinion as to the veracity of the allegation contained in paragraph 32; therefore, on that basis, Kittle denies the allegations contained in paragraph 32.

40. Kittle lacks information or knowledge sufficient to form an opinion as to the veracity of the allegation contained in paragraph 33; therefore, on that basis, Kittle denies the allegations contained in paragraph 33. To the extent paragraph 33 is not a factual allegation as to the terms contained in an agreement to which Kittle is not a party, but rather purports to set forth the legal rights of Plaintiff, paragraph 33 is not a factual allegation to which a response is required; therefore, it is denied on that basis.

41. Kittle admits Plaintiff provided hospital goods and services to him from June 28, 2018, through June 29, 2018, and at various times between January 8, 2019, and March 21, 2019. Except as specifically admitted herein, Kittle denies all remaining allegations contained in paragraph 34.

42. Kittle admits the allegations contained in paragraph 35.

43. Kittle lacks information or knowledge sufficient to form a belief as to the veracity of the allegation that the Plan paid Plaintiff 95% of billed charges for physician services; therefore, that allegation is denied on that basis. Defendant admits neither GPA nor the Plan paid Plaintiff 95% of billed charges for hospital goods and services provided to Kittle. Except as specifically admitted, Defendant denies the remaining allegations contained in paragraph 36.

44. Kittle denies the allegations contained in paragraph 37.

45. Kittle lacks information or knowledge sufficient to form an opinion as to the veracity of the allegation contained in paragraph 38; therefore, on that basis, Kittle denies the allegations contained in paragraph 38.

46. Kittle admits the Plan is contracted with MultiPlan/PHCS for access to its practitioner only network. Except as specifically admitted herein, Kittle denies the remaining allegations contained in paragraph 39.

47. Kittle denies it is "incorrect" that the Plan is contracted with MultiPlan/PHCS for access to its practitioner only network. Kittle lacks information or knowledge to form a belief as to the veracity of the allegations concerning the terms of an agreement between MultiPlan and Plaintiff to which Kittle is not a party; therefore, those allegations are denied on that basis. Except as specifically admitted herein, Kittle denies all remaining allegations contained in paragraph 40.

48. To the extent paragraph 41 contains any factual allegations to which a response is required, Kittle denies the allegations contained in paragraph 41.

49. To the extent paragraph 42 contains any factual allegations to which a response is required, Kittle denies the allegations contained in paragraph 42.

50. To the extent paragraph 43 contains any factual allegations to which a response is required, Kittle denies the allegations contained in paragraph 43.

51. Kittle denies the allegations contained in paragraph 44.

52. Kittle admits Plaintiff has demanded payment from him, but denies Plaintiff is entitled to the payment demanded. Kittle denies having refused to pay for the goods and services he received at Plaintiff's facility. Kittle lacks information or knowledge sufficient to form a belief as to the veracity of the allegations with respect to other defendants; therefore, Kittle denies those allegations on that basis. Except as specifically admitted herein, Kittle denies the allegations contained in paragraph 45.

53. Kittle denies the allegations contained in paragraph 46.

**Claim I: Breach of Contract**

54. Kittle incorporates his responses to paragraphs 1 through 46 as if fully set forth herein.

*Against Kittle*

55. Kittle denies the allegations contained in paragraph 48.

56. Kittle admits the allegations contained in paragraph 49.

57. Kittle denies the allegations contained in paragraph 50

58. Kittle denies the allegations contained in paragraph 51.

59. Kittle denies the allegations contained in paragraph 52.

60. Kittle denies the allegations contained in paragraph 53.

61. Kittle denies the allegations contained in paragraph 54.

*Against KPG, the Plan, and GPA*

62. Kittle lacks knowledge and information sufficient to form an opinion as to the veracity of the allegations contained in paragraph 55; therefore, Kittle denies the allegations contained in paragraph 55 on that basis.

63. Kittle lacks knowledge and information sufficient to form an opinion as to the veracity of the allegations contained in paragraph 56; therefore, Kittle denies the allegations contained in paragraph 56 on that basis.

64. Kittle denies the allegations contained in paragraph 57.

65. Kittle denies the allegations contained in paragraph 58.

66. Kittle denies the allegations contained in paragraph 59.

*Against MultiPlan*

67. Kittle lacks knowledge and information sufficient to form an opinion as to the veracity of the allegations contained in paragraph 60; therefore, Kittle denies the allegations contained in paragraph 60 on that basis.

68. Kittle lacks knowledge and information sufficient to form an opinion as to the veracity of the allegations contained in paragraph 61; therefore, Kittle denies the allegations contained in paragraph 61 on that basis.

69. Kittle lacks knowledge and information sufficient to form an opinion as to the veracity of the allegations contained in paragraph 62; therefore, Kittle denies the allegations contained in paragraph 62 on that basis.

70. Kittle denies the allegations contained in paragraph 63.

**Claim II: Breach of Covenant of Good Faith and Fair Dealing**

71. Kittle incorporates his responses to paragraphs 1 through 63 as if fully set forth herein.

*Against Kittle*

72. Kittle denies the allegations contained in paragraph 65.

73. Kittle denies the allegations contained in paragraph 66.

*Against KPG, the Plan, and GPA*

74. Kittle denies the allegations contained in paragraph 67.

*Against MultiPlan*

75. Kittle lacks knowledge and information sufficient to form an opinion as to the veracity of the allegations contained in paragraph 68; therefore, Kittle denies the allegations contained in paragraph 68 on that basis.

76. Kittle denies the allegations contained in paragraph 69.

77. Kittle denies the allegations contained in paragraph 70.

**Claim III: Common Law Fraud**

78. Kittle incorporated his responses to paragraphs 1 through 70 as if fully set forth herein.

*Against Kittle*

79. Kittle lacks information or knowledge sufficient to form an opinion as to the veracity of the allegations contained in paragraph 72; therefore, Kittle denies the allegations contained in paragraph 72 as if fully set forth herein.

80. Kittle denies the allegations contained in paragraph 73.

81. Kittle denies the allegations contained in paragraph 74.

82. Kittle denies the allegations contained in paragraph 75.

83. Kittle denies the allegations contained in paragraph 76.

84. Kittle denies the allegations contained in paragraph 77.

85. Kittle denies the allegations contained in paragraph 78.

**Claim IV: Employee Retirement Income Security Act ("ERISA), 29 U.S.C. § 1001, *et seq.* (Pled in the Alternative)**

86. Kittle incorporates his responses to paragraphs 1 through 78 as if fully set forth herein.

87. Kittle denies the allegations contained in paragraph 81.

88. Kittle denies the allegations contained in paragraph 82.

89. Kittle denies the allegations contained in paragraph 83.

Kittle denies any allegations contained in the Plaintiff's First Amended Complaint that were not specifically admitted herein. Kittle denies Plaintiff is entitled to the relief requested in Plaintiff's First Amended Complaint.

## AFFIRMATIVE DEFENSES

Kittle asserts the following defenses:

1. Plaintiff failed to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the doctrine of waiver.

3. Plaintiff is equitably estopped from asserting any claim for relief from Kittle.

4. Plaintiff's claims are barred by the payment doctrine.

5. The relief demanded by Plaintiff will result in unjust enrichment of Plaintiff at Kittle's expense.

6. Any contract upon which Plaintiff's claims are based is unenforceable because it lacks material terms.

7. Any contract upon which Plaintiff's claims are based is unenforceable because it is not supported by consideration.

8. Any contract upon which Plaintiff's claims are based is unenforceable because there was no meeting of the minds.

9. Any contract upon which Plaintiff's claims are based is unenforceable because it is a contract of adhesion that is inconsistent with Kittle's reasonable expectations.

10. Any contract upon which Plaintiff's claims are based is unenforceable because the mistake of one or both parties.

11. Plaintiff's claim for breach of contract is barred because Plainitff breached any contract that may exist between Plaintiff and Kittle.

12. Plaintiff's claims are barred by the doctrine of unconscionability.

13. Plaintiff's claims are barred because granting the relief requested would violate the implied covenant of good faith and fair dealing.

WHEREFORE, having fully responded to Plaintiff's Complaint, Kittle prays as follows:

1. That Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted;
2. That Kittle's defenses be inquired into and that the same be sustained;
3. That Kittle have judgment in his favor and against the Plaintiff;
4. That Plaintiff recover nothing against Kittle;
5. That all costs be taxed against the Plaintiff; and
6. That this Court enter such other and further relief as it deems just and proper under the circumstances.

**DEFENDANT DEMANDS A TRIAL BY JURY**

DATED: June 4, 2021

Respectfully submitted,

By: */s/ Cameron R. Woods*

CAMERON R. WOODS, SB# 0399537
E-Mail:
Cameron.Woods@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
Wells Fargo Center
90 South 7th Street, Suite 2800
Minneapolis, MN 55402
Tel: (612) 428-5000
Fax: (612) 428-5001

Attorneys for Defendant Jeffrey Lee Kittle