**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Mayo Clinic,<br><br>Plaintiff,<br><br>v.<br><br>Jeffrey Lee Kittle,<br>KPG Corp. f/k/a HKP Corp.,<br>HKP Corp. Group Benefit Plan,<br>Group & Pension Administrators, Inc.,<br>MultiPlan, Inc.<br><br>Defendants. | Case No.: 0:21-cv-00693-JRT-DTS |

**REPORT OF RULE 26(f) MEETING**

Counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on June 8, 2021, and prepared the following report.

The initial pretrial conference in this matter is scheduled for June 15, 2021 at 11:00 a.m. before United States Magistrate Judge David T. Schultz in Courtroom 9E, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

Counsel have reviewed the amendments to the Federal Rules of Civil Procedure effective December 1, 2015, and are familiar with the amendments.

## DESCRIPTION OF CASE

1. Concise factual summary of Plaintiff's claims;

Mayo Clinic ("Mayo") provided health care goods and services to patient Jeffrey Kittle ("Kittle") on June 28, 2018 through June 29, 2018 and then again on January 8, 2019 through March 21, 2019. During these dates, Kittle was covered by a health insurance plan through his company, KPG Corp, f/k/a HKP Corp. ("KPG"), entitled the HKP Corp. Group

Benefit Plan ("Plan"). The Plan is administrated by Group & Pension Administrators, Inc. ("GPA"), and GPA accessed Mayo through the Mayo and MultiPlan, Inc. Provider Agreement. Said Agreement permits "in-network" access for the Plan and its beneficiaries, such as Kittle, and calls for reimbursement to Mayo at a rate of 95% of billed charges for both physician and hospital services.

Mayo submitted claims to the Plan through GPA, and GPA processed the charges and the Plan paid 95% of billed charges for physician services but utilized a reference-based pricing reimbursement model for payment on the hospital services provided to Kittle.

Prior to receiving health care goods and services, Kittle signed a Mayo Authorization, agreeing to pay all charges that were not paid for by his insurance provider. The remaining amount due and owing after Plan payments to Mayo is $233,397.63.

<u>Claims Against Kittle</u>: Mayo claims that Kittle is in breach of contract and the covenant of good faith and fair dealing for failing to pay the remaining amount due of $233,397.63 as required under the terms of the Authorization.

Mayo claims that Kittle has committed fraud, insofar as he knew the reimbursement methodology used by the Plan that he secured for himself and his company. He signed the Authorization promising to pay, with the knowledge that the Plan would grossly underpay for the hospital services he received, and that he would then be provided with a legal defense to dispute the remaining balance due and owing. Mayo relied, to its detriment, on Kittle's representation that he would pay the remaining balance after the Plan's payment.

Claims Against KPG, the Plan and GPA: Mayo claims that KPG, the Plan and GPA are in breach of contract and the covenant of good faith and fair dealing for their failure to pay for the hospital services provided to Kittle in accordance with and at the rate set forth in the Provider Agreement.

Mayo alternatively claims that KPG, the Plan and GPA are in violation of the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1001 et. seq., for their failure to pay Mayo for the health care goods and services provided to Kittle under the terms of the Provider Agreement.

Claims Against MultiPlan: Mayo claims that MultiPlan is in breach of contract and the covenant of good faith and fair dealing by permitting its clients, such as GPA, to access Mayo through the Provider Agreement for physician services only, and not for both physician and hospital services as required by said Agreement. MultiPlan's failure to contract with GPA in accordance with the Provider Agreement has damaged Mayo in that Mayo has not been paid in full for the services provided to Kittle.

2. Concise factual summary of Defendants' claims/defenses;

*Defendant Jeffrey Lee Kittle ("Kittle")*: received hospital goods and services from Plaintiff on several occasions. At the time, he was covered by the HKP Corp. Group Benefit Plan (the "Plan"). Kittle provided his insurance identification card, which indicated that he was covered by the Plan and the Plan had access to the PHCS physician only network. Physician only networks do not include facilities, such as Plaintiff. Therefore, the card clearly disclosed the Plan was not a part of the PHCS network for facilities. At the time he was treated, Kittle and Plaintiff never discussed a price for the hospital goods and services,

and there is no agreement setting forth the price. After Plaintiff provided goods and services to Kittle, Plaintiff sent bills to the Plan. The Plan paid its Allowable Claim Limits, specified in the Plan's governing documents. The Allowable Claim Limits paid by the Plan represent the fair and reasonable amount to pay for the goods and services provided by Kittle. Kittle never misled Plaintiff nor withheld any information from Plaintiff.

Plaintiff's fraud claim fails because Kittle did not engage in any deception, nor was there any reliance on anything Kittle did or said. Plaintiff's contract claim fails because there is no contract setting forth a contract price. Even if there was a contract that governs payment for the goods and services provided by Plaintiff, Kittle's affirmative defenses should be sustained, specifically including but not limited to mistake, violation of the implied covenant of good faith and fair dealing by Plaintiff, and unconscionability. Plaintiff has been paid the reasonable value of the goods and services provided to Kittle, and Kittle is not obligated to pay more than the reasonable value of those goods and services.

*KPG Corp. f/k/a HKP Corp. ("KPG"):* Although this action has been pending in federal court since March 2021, KPG has only relatively recently been served with the Complaint in this action. Through stipulation, it has been agreed that KPG's response to the Complaint shall be due for submission no later than June 17, 2021. A stipulation to such effect was filed on June 4, 2021 (Doc. 15). KPG is presently investigating and analyzing its defenses, but denies having engaged in any conduct giving rise to liability based on Plaintiff's claims sounding in tort or contract, as well as any claims arising under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA").

*HKP Corp. Group Benefit Plan ("Plan")*: Although this action has been pending in federal court since March 2021, the Plan has only relatively recently been served with the Complaint in this action. Through stipulation, it has been agreed that the Plan's response to the Complaint shall be due for submission no later than June 17, 2021. A stipulation to such effect was filed on June 4, 2021 (Doc. 15). The Plan is presently investigating and analyzing its defenses, but denies having engaged in any conduct giving rise to liability based on Plaintiff's claims sounding in tort or contract, as well as any claims arising under ERISA.

*Group & Pension Administrators, Inc ("GPA"):* Although this action has been pending in federal court since March 2021, GPA has only relatively recently been served with the Complaint in this action. Through stipulation, it has been agreed that GPA's response to the Complaint shall be due for submission no later than June 17, 2021. A stipulation to such effect was filed on June 4, 2021 (Doc. 15). GPA is presently investigating and analyzing its defenses, but denies having engaged in any conduct giving rise to liability based on Plaintiff's claims sounding in tort or contract, as well as any claims arising under ERISA.

*MultiPlan, Inc. ("MultiPlan"):* is a national preferred provider organization that provides cost containment services for its clients. MultiPlan is not an insurance company or a payor that pays claims of providers like The Mayo Clinic ("Mayo"). MultiPlan enters into agreements with providers for those providers to discount their services to clients of MultiPlan. As such, MultiPlan had a Provider Agreement ("Agreement") with Mayo. However, the Provider Agreement does not mandate that MultiPlan's clients access the

Agreement for every claim and service. Clients of MultiPlan have the right to access MultiPlan's Provider Agreements but are not required to do so for any particular claim or medical service. MultiPlan did not breach any provision of its Provider Agreement with Mayo and indeed, Mayo has not identified any such breach. MultiPlan is also not liable to Mayo for its claim for reimbursement of the medical services it rendered as MultiPlan is not a payor and does not pay claims as the Provider Agreement expressly states.

3. Statement of jurisdiction (including statutory citations);

Jurisdiction is proper in the United States District Court for the District of Minnesota under 28 U.S.C. § 1332(a)(1) based upon the diversity of the parties and the amount in controversy exceeding $75,000.00.

4. Summary of factual stipulations or agreements;

None at this time.

5. Statement of whether jury trial has been timely demanded by any party;

Defendant Jeffrey Lee Kittle has demanded a jury trial in this case.

6. Statements as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

The parties have not agreed to resolve this matter under the Rules of Procedure for Expedited Trials.

**PLEADINGS**

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

All process has been served. All pleadings have not been filed. The parties do not anticipate further amendment of the pleadings at this time but reserve the right to seek leave of the Court to amend any pleadings as this case develops.

**FACT DISCOVERY**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before July 16, 2021. If the parties include a description by category and location of documents, they agree to exchange copies of those initially disclosed.

2. The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by NA.

3. The parties must commence fact discovery procedures in time to be completed by April 15, 2022.

4. The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit the use and numbers of discovery procedures as follows:

   a. 25 interrogatories per party to each party;

   b. 25 document requests per party to each party;

   c. 25 requests for admission per party to each party, not including requests to admit documents are authentic.

   d. 10 factual depositions per party, excluding expert witness depositions and/or records custodian depositions;

   e. NA Rule 35 medical examinations; and

   f. NA Other.

**EXPERT DISCOVERY**

1. The parties anticipate that they will require expert witnesses at the time of trial.

   a. Plaintiff anticipates potentially calling 1 expert in the fields of: Medical billing, provider costs, provider pricing, contracted and non-contracted medical payer reimbursement rates, reference-based pricing methodologies, and provider usual and customary charges.

   b. Defendant Jeffrey Lee Kittle anticipates calling 1 experts in the fields of: Medical billing, provider costs, provider pricing, contracted and non-contracted medical payer reimbursement rates, reference-based pricing methodologies, and health care economics.

      Defendant KPG Corp. f/k/a HKP Corp. anticipates calling two potential experts in the fields of: Medical billing, contracted and non-contracted medical payer reimbursement rates, reference-based pricing methodologies, and the reasonableness and necessity of the care and charges at issue in this action.

      Defendant HKP Corp. Group Benefit Plan anticipates calling two potential experts in the fields of: Medical billing, contracted and non-contracted medical payer reimbursement rates, reference-based pricing methodologies, and the reasonableness and necessity of the care and charges at issue in this action.

      Defendant Group & Pension Administrators, Inc. anticipates calling two potential experts in the fields of: Medical billing, contracted and non-contracted medical payer reimbursement rates, reference-based pricing methodologies, and the reasonableness and necessity of the care and charges at issue in this action.

      Defendant MultiPlan, Inc does not anticipate calling an expert witness in this case. However, in the event that the need arises, MultiPlan reserves the right to designate and call an expert witness as appropriate.

2. The parties propose that the Court establish the following plan for expert discovery:

a. Expert Disclosures

(i) The identity of any expert who Plaintiff may call to testify at trial and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosure required by Fed. R. Civ. P. 26(a)(2)(C) must be served on or before December 17, 2021.

(ii) The identity of any expert who Defendants may call to testify at trial and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosure required by Fed. R. Civ. P. 26(a)(2)(C) must be served on or before January 17, 2022.

3. All expert discovery, including expert depositions, must be completed by April 15, 2022.

**OTHER DISCOVERY ISSUES**

1. Protective Order

The parties have discussed whether they believe that a protective order is necessary to govern discovery and will jointly submit a proposed protective order on or before August 20, 2021. Local Rule 5.6 governs filing under seal. Therefore, any proposed protective order must include the following provisions: All counsel acknowledge they have reviewed Local Rule 5.6 which governs filing under seal, which procedures are incorporate herein by reference.

2. Discovery of Electronically-Stored Information

The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery. The parties have also discussed the form or forms in which electronic discovery should be produced. They inform the Court of the following agreements or issues:

The parties agree to produce electronic discovery in a PDF converted format whenever available, to be produced in paper form or electronically. If the electronic

discovery is not able to be converted to a PDF formal, then the parties agree to disclose said discovery in a duplicate version of its original form.

The parties will further meet and confer by August 20, 2021 to discuss their plan or formal protocol for electronic discovery. They agree to present any disputes regarding an electronic discovery plan and protocol to the Court by September 24, 2021.

3. Claims of Privilege or Protection

The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502 and:

a. Will include their agreement in their proposed Protective Order.

**MOTION SCHEDULE**

The parties proposed the following deadlines for filing motions:

1. Motions seeking to join other parties must be filed and served by September 24, 2021.

2. Motions seeking to amend the pleadings must be filed and served by September 24, 2021.

3. Non-Dispositive Motions

a. All non-dispositive motions relating to fact discovery must be filed and served by April 15, 2022.

b. All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by April 15, 2022.

4. Dispositive Motions: All dispositive motions must be served and filed by May 27, 2022.

## TRIAL READY DATE

1. The parties agree that the case will be ready for trial on or after August 29, 2022.

2. The anticipated length of the jury trial is 4 days.

## INSURANCE CARRIERS/INDEMNITORS

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the Defendant is self-insured.

Jeffrey Lee Kittle: None other than the HKP Corp. Group Benefit Plan, which Kittle believes has already paid its limit.

MultiPlan has insurance coverage through AIG, Lexington Policy #02-825-28-76.

## SETTLEMENT

The parties will discuss settlement before or at the Rule 26(f) meet-and-confer and each party must mail a confidential letter setting forth what settlement discussions have taken place and whether the parties believe an early settlement conference would be productive.

The parties proposed that a settlement conference be scheduled to take place before November 19, 2021.

## TRIAL BY MAGISTRATE JUDGE

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). If the parties agree to consent, they will file the Consent Form at the same time as the Rule 26(f) Report.

Dated: June 8, 2021

**D.S. ERICKSON & ASSOCIATES, PLLC**

By /s/ Timothy J. Henkel
Timothy J. Henkel (#0389403)
Gregory Hanson (#0395404)
7650 Edinborough Way, Suite 500
Edina, MN 55435
Phone: (612) 333-7600
Facsimile: (612) 333-7611
Email: timothy.henkel@dserickson.com
gregory.hanson@dserickson.com
ATTORNEYS FOR PLAINTIFF MAYO CLINIC

DATED: June 8, 2021

By: /s/ Cameron R. Woods
CAMERON R. WOODS, SB# 0399537
E-Mail: Cameron.Woods@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
Wells Fargo Center
90 South 7th Street, Suite 2800
Minneapolis, MN 55402
Tel: (612) 428-5000
Fax: (612) 428-5001

Attorneys for Defendant Jeffrey Lee Kittle

**FOX ROTHSCHILD LLP**

Date: June 8, 2021

By: /s/ Bret A. Puls
Bret A. Puls (#305157)
Two22 Building
222 South Ninth St., Suite 2000
Minneapolis, Minnesota 55402-3338
Tel: (612) 607-7000
Fax: (612) 607-7100
Email: bpuls@foxrothschild.com

Attorneys for Defendants KPG Corp., f/k/a HKP Corp., HKP Corp. Group Benefit Plan, and Group & Pension Administrators, Inc.

Dated: June 8, 2021

*By:_/s/ Errol J. King, Jr.*__________________
Errol J. King, Jr. (*pro hac vice*)
Katherine Cicardo Mannino (*pro hac vice*)
**PHELPS DUNBAR LLP**
400 Convention Street, Suite 1100
Baton Rouge, Louisiana 70802
Telephone: (225) 346-0285
Facsimile: (225) 381-9197
errol.king@phelps.com
katie.mannino@phelps.com

Justice Ericson Lindell (#312071)
**Greenstein Sellers PLLC**
825 Nicollet Mall
Suite 1648
Minneapolis, MN 55402
763-285-4684
Email: justice@greensteinsellers.com

ATTORNEYS FOR DEFENDANT
MULTIPLAN, INC.