**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Mayo Clinic,

Plaintiff,

v.

Jeffrey Lee Kittle,

Defendant.

Case No. 21-cv-693 (JRT/DTS)

**AMENDED ORDER FOR SETTLEMENT CONFERENCE**

---

This document is an Order of the Court and should be read carefully. All parties, including those appearing *pro* se are expected to comply with the contents of this Order, including specifically, the requirements for the confidential settlement letter.

A settlement conference will be held on **December 1, 2021 at 9:00 a.m. (CT)** by **Zoomgov,** before the undersigned United States Magistrate Judge. A Zoom link will be emailed approximately one week prior to your settlement conference.

## I. WHO MUST ATTEND

**Counsel who will actually try the case and each party, armed with full settlement discretion, shall be present:**

- Each party must attend through a person who has plenary authority to change that party's settlement posture during the course of the conference. If the party representative has a limit, or "cap" on his or her authority, this requirement is not satisfied.
- If individuals are parties to this case, they shall be present.
- If a corporation or other collective entity is a party, a duly authorized **officer** or **managing agent** of that party shall be present. In all cases, the duly authorized officer or managing agent with settlement discretion cannot be in-house counsel directly managing the litigation.
- If an insurance company is involved, the responsible agent must be present.

## II. MANDATORY PRE-CONFERENCE DISCUSSION

In order to encourage the parties to address the issue of settlement on their own, counsel/*pro se* party must meet in person or telephonically with one another on or before **November 23, 2021** , to engage in a full and frank discussion of settlement. The parties must exchange monetary terms during this discussion. An offer of $0 does not meet this requirement. A non-specific offer or demand (*e.g.,* “Defendants will pay ‘nuisance value’”) does not meet this requirement. A party may not refuse to respond to the other party’s demand/offer on the grounds that their demand/offer was “unrealistic” or “unreasonable.”

## III. SETTLEMENT LETTER

If the case does not settle, each attorney and *pro* se party shall submit to the undersigned on or before **November 23, 2021**, a confidential letter. The letter **shall** be in the format attached, **must** address the matters described therein, and must not exceed 10 pages. This letter is for the Court’s use only and should not be served on opposing counsel/party nor filed on ECF. Counsel/*Pro Se* party should email their confidential settlement letter as a Word document to chambers at Schultz_chambers@mnd.uscourts.gov.

In preparing the settlement letter required by this paragraph, Counsel are strongly advised to keep in mind recent research from Judicature concerning case evaluation and settlement:

> First, studies have demonstrated that lawyers have overly optimistic views of case outcomes. One study asked 481 litigators from 44 different states questions about one of their pending cases that was expected to go to trial in the next 6-to-12 months. The litigators were asked: “What would be a win situation in terms of your minimum goal for the outcome of this case?” the attorneys were then asked to estimate the likelihood that they would achieve that goal or better. The median attorney thought there was a

70 percent likelihood of achieving their minimum goal. This suggests the litigators were overly optimistic about their case outcomes.

It is not just attorneys that over value their cases. Studies suggest that self-interest skews opposing parties' evaluations of case value. For example, one study randomly assigned 160 students to negotiate on behalf of either the plaintiff or the defendant in a mock case. The case involved an injured motorcyclist that was suing an automobile driver for $100,000. After reading identical sets of facts, but before negotiating, the students were asked to predict what a judge would Award in the case and what a fair settlement would be from the vantage point of a neutral third party. On average, a plaintiff's prediction of the judge's award was $14,527 higher than a defendant's prediction ($38,953 v. 24,426), and a plaintiff's estimation of a fair settlement was $17,709 higher than a defendant's ($37,028 v. 19,318). These results suggest that different sides may not be able to agree on the likelihood of winning or losing nor the potential damages if the plaintiff prevails. Studies comparing settlement offers to outcomes bear out this problem. Parties often got o trial and obtain an outcome that is either only equal or inferior to what they could have achieved from settlement.

## IV. FAILURE TO COMPLY WITH COURT ORDER

Failure of any party or insurance company to comply with any part of this **Order, including failure to submit the letter in the format requested with the information required,** may result in the postponement of the settlement conference and imposition of an appropriate sanction on the party, company or attorney who has failed to comply. Please be advised that Fed. R. Civ. P. 16(f) specifically provides:

> (f) Sanctions.
>
> (1) *In General.* On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:
>
> (A) fails to appear at a scheduling or other pretrial conference;
>
> (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
>
> (C) fails to obey a scheduling or other pretrial order.

> **(2)** ***Imposing Fees and Costs.*** Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Dated: November 12, 2021

s/David T. Schultz
DAVID T. SCHULTZ
U.S. Magistrate Judge

# CONFIDENTIAL SETTLEMENT LETTER

## I. CONCISE AND OBJECTIVE SUMMARY OF THE CASE

### A. Factual Summary

In this section please provide an *objective* summary of the facts, including identification of any facts that are unknown or in dispute. In addition, please provide any important history or dynamics of the relationship between the parties.

### B. Procedural Posture

### C. Costs and Fees

Specify the total costs and fees expended to date or the current lode star amount of time spent if you represent your client on a contingency basis, as well as the anticipated costs and fees through summary judgment, and separately, through trial.

## II. A REASONED ANALYSIS OF LIABILITY AND DAMAGES

In this section please provide your assessment of the merits of your case, including an itemized computation (or refutation) of damages. In addition, please include a candid assessment of the weaknesses (*e.g.*, bad key witness) of *your* case.

### A. Liability

### B. Damages

### C. Candid Discussion of Weaknesses of the Case

## III. SETTLEMENT

### A. Summary of Settlement Discussions to Date

### B. Any obstacles to settlement.

In this section describe any barriers to settlement, including unrealistic client expectations or emotional investment in the case.

### C. Non-Monetary Terms

In this section describe any non-monetary terms that are important to resolving this matter.

D. Insurance

Include in this section the policy limits, any reservations, and whether the defense is within limits or separate therefrom.

## IV. OTHER

In this section please provide any other information you believe would be useful to the Court in resolving this matter.